UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRANSEXPRESS TRANSPORTATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF ST. LOUIS, MISSOURI, et al., ) <br> ) <br> Defendants. ) | Case No. 4:09-CV-891-CEJ |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of defendant City of St. Louis to dismiss the complaint for failure to state a claim upon which relief can be granted. The plaintiff opposes the motion, and the issues are fully briefed.

I. Background

Plaintiff TransExpress Transportation operated a limousine transportation service under a concession agreement with defendant City of St. Louis. The concession agreement granted the plaintiff the authority to provide transportation services to and from Lambert-St. Louis International Airport. Prior to the agreement's expiration date, the plaintiff submitted bids to the defendant in hopes of entering into a new concession agreement. On February 10, 2009, the City modified the bid process by changing the deadline and requirements for bid submissions. Following these modifications, the City granted a new concession agreement to defendant Best Transportation. Plaintiff claims that the City modified the bid process in order to favor defendant Best Transportation.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief. Plaintiff alleges that the bid process was unfair under state law (Count I) and was tainted by discrimination in violation of 42 U.S.C. § 1983 (Count II).

II. <u>Discussion</u>

The purpose of a motion to dismiss under Rule 12 (b) (6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of the complaint are assumed true and construed in favor of the plaintiffs, "even if it strikes a savvy judge that the actual proof of those facts is improbable." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (May 21, 2007) <u>citing</u> <u>Swierkiewicz v. Sorema</u> N.A., 534 U.S. 506, 508 n.1 (2002); <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989) ("Rule 12 (b) (6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. <u>Id</u>. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp</u>., 127 S. Ct. at 1974. <u>See also</u> <u>id</u>. at 1969 ("no set of facts" language in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id</u>. at 1965.

In <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690 (1978), the United States Supreme Court held that municipalities may be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision." <u>Id</u>. A plaintiff, however, need not specifically plead or identify an unconstitutional policy to survive a motion to dismiss. <u>Crumpley-Patterson v. Trinity Lutheran Hosp</u>., 388 F.3d 588, 591 (8th Cir. 2004). At the very least, a plaintiff must allege facts which would support the existence of an unconstitutional policy or custom. <u>Id</u>. Plaintiff's failure to include any "allegations, reference or language by which one could begin to draw an inference that the conduct complained of, resulted from an unconstitutional policy or custom would render [its] complaint deficient." <u>Id</u>.

Plaintiff's complaint does not set forth enough facts which would support the existence of an unconstitutional policy. To support its § 1983 claim, plaintiff alleges that the defendant City: (1) altered the bid requirements after three potential bidders appeared at a pre-bid conference, (2) selected Best Transportation for the new concession although it did not meet the un-modified requirements, (3) performed an audit on plaintiff's performance, (4) issued numerous citations to plaintiff's drivers, (5) subjected plaintiff's drivers to ethnic and racial harassment, and (6) prohibited plaintiff from adding a fuel surcharge to its passenger charges. These allegations do not support the existence of an unconstitutional policy. The complaint only sets forth facts that describe the City's modifications and interactions with the plaintiff. These

facts do not give rise to an inference suggesting that the City implemented a policy that violated the plaintiff's constitutional rights.

Plaintiff argues that the City can be held liable under § 1983 because its bid modifications constitute an official act. Plaintiff's argument rests on <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 480 (1986), which held that a single decision or act made by a municipality's final policymaker can create municipality liability under § 1983. Although a municipality can be held liable for a single act or decision, plaintiff's argument is flawed for two reasons. First, the complaint does not state or suggest that the City's modifications were official acts. Instead, plaintiff alleges: "Defendant City's actions were carried out by the City's Airport Authority as the official actions of the defendant City." Compl. ¶ 92. Plaintiff does not identify which "actions" were carried out as official acts. Instead, the complaint provides a litany of "actions" taken by the City and leaves this Court to speculate as to which "actions" constitute an unconstitutional policy. Second, the Court cannot infer from plaintiff's allegations that the bid modifications were made by a final policymaker. Therefore, the Court cannot conclude that the City's act or decision to modify the bid process creates liability under <u>Pembaur</u>.

Furthermore, even if the complaint identifies a policy, plaintiff has failed to allege any facts that demonstrate that the policy is unconstitutional. The complaint does not include any facts that suggest that the City altered the bid process to discriminate against plaintiff because of its employees' national origin and skin color. Rather, the complaint states "that the City's conduct has

denied plaintiff of the equal protection of the laws because of the national origin and color of plaintiff's owner and operator." Compl. ¶ 91. This allegation is conclusory and insufficient to support a claim against the defendant. See, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1952 (2009).

Plaintiff attempts to assert a discrimination claim by alleging that the City's security officers racially and ethnically harassed plaintiff's drivers. These allegations, however, are directed solely to individual employees of the City. The plaintiff does not allege any actions which would establish a casual connection between the alleged discriminatory activities and the official policy or act of the City.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant City of St. Louis to dismiss the complaint for failure to state a claim [Doc. #19] is **granted**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2009.